Good morning, everyone, and welcome to the Ninth Circuit. It's great to see everyone, both live and virtually. We have three cases on calendar today. One thing I always say when I preside is that in the Ninth Circuit, there's no extra credit or bonus points for using all of your time. So if you've made your points and you're not getting any questions, it's okay to sit down. That's quite all right. All right, so for the first case today, Parker, we've got some law students arguing. So first, thank you for stepping up to the plate and thank you for – are you the supervisor, Ms. Davis? Thank you for doing that. We very much appreciate it. I see that you guys have split up your time 10 and 5. So what we're going to do, that's going to be a hard 10 and a hard 5. And what I mean by that is that – so first, who's going to argue first? Okay, so you've got 10. You're not going to get more than 10, okay? If you go 9, then he gets 6. But we're not going to have a situation where the second person is panicking because the first person is going 13 and, like, I came out, did all this work, and I'm going to get two minutes of argument. No, you're going to get 10, you're going to get 5 because we're going to keep you that time, okay? All right, and with that, go ahead and proceed, counsel. Good morning. Your Honors, may it please the Court, J.P. Elberfeld on behalf of Plaintiff Appellant James Parker under the supervision of Katherine Davis in the UCI Law Appellate Litigation Clinic. I'm here with my colleague, Mr. Neil Vermonti. Again, we'd like to reserve 5 minutes for rebuttal. You may proceed. The single controlling issue in this case is whether Mr. Parker satisfied the plausibility pleading standard under this Court's holding in Shepard v. David Evans and Associates and the corresponding case in the Supreme Court of Swierkiewicz v. Surima N.A. That answer is a clear yes, and therefore this Court should reverse. Shepard and Swierkiewicz are paramount and control this case, and those precedents are consistent with Ashcroft v. Iqbal and state that Mr. Parker is not required to allege the, quote, detailed factual allegations under Rule 882. Shepard in particular was this Court's post-Twombly, post-Iqbal, and post-Swierkiewicz interpretation of the correct pleading standard. That case involved only a two-and-a-half-page complaint consisting of 17 paragraphs, only eight of which were operative for the ADEA claim. This Court reversed in favor of the plaintiff, Mrs. Shepard, when she alleged that she was at least 40 years old, her performance was satisfactory or better, she was discharged from her position, and five younger comparators kept their jobs. She also noted that, quote, age was a determining factor in the decision to terminate her. But she didn't allege the exact ages of her comparators, yet this Court concluded that constituted a, quote, entirely plausible scenario of employment discrimination. So here has your client made out an allegation of a substantial or sufficiently substantial age difference between himself and the other candidates, and can you tell me why? Yes, he has, Your Honor, because in Shepard, the substantially younger question was not addressed by this Court. The only question was whether the comparators were younger and whether the allegedly discriminatory employment action was made on the basis of age. So the difference in ages is an irrelevant question at the 12B6 stage. And Mr. Parker affirmatively satisfies that standard here. He alleges he was at least 40 years old, and therefore he was part of the protected class under the ADEA. And he was, in addition, he was perceived as disabled under the Rehabilitation Act and the ADA. So you're saying that if he did allege that they were at least seven years younger, but you're saying it would have been sufficient and we should find that it would be okay as long as he alleged that they were younger? Yes, they simply have to be younger. Mr. Parker has to allege that he is part of the protected class under the ADEA and that the comparators were younger than him and that the discriminatory, allegedly discriminatory action was taken on the basis of age. He does so because he applied for this job and he was qualified. He previously held this exact same position with a fully successful rating. That's at paragraphs 15, 17, and 18 of the complaint. And he was informed of his non-selection at paragraph 16 and 28. And non-disabled and younger candidates were ranked above him. That's at paragraphs 28 through 46. He also point blank states at paragraph 15 that based on the flawed and unlawful perception of his disability and of his age, he was denied the position he sought despite his superior qualifications. Those qualifications consisted of his allegation that he was the most qualified and best fit, but also his decades of experience on the Columbia River and other bodies of water operating a large variety of boats for 20 years at paragraph 24. In the interview, he informed the panel of this experience saying that he had been on the river his entire life at paragraph 25, but despite this, the panel noted that the other younger and non-disabled candidates had, quote, marine knowledge at paragraph 68 and 28, even though Mr. Parker alleges that no other candidate had experience on the Columbia River or navigating it. That's at 34, 39, and 44 of the complaint. In particular, Mr. Paul Gunis, who was ranked second out of all the comparators, had no experience with small boats in shallow waters and had worked 25 years in human resources and labor relations. Yet the panel cited nonspecific and conclusory safety concerns without any further factual allegations, and Parker disputes the fact that there were any legitimate safety concerns with his record. None of the panelists had ever ridden in a boat with Mr. Parker, and his closest coworker, Mr. Jesse Allen, recalled only one incident where Mr. Parker and Allen had to go out and then return for Mr. Parker's diabetes medication, but otherwise Jesse Allen gave a positive review of Mr. Parker and he said he would work with him again at paragraphs 82 through 84. There's also direct evidence here of discriminatory intent and actions. Mr. Parker alleges specifically at paragraph 71 that the panelists emphasized safety concerns, quote, related to his disability, and he also notes that Guy questioned his ability to concentrate at paragraph 75. Could you briefly address for me your argument regarding what you say is the district court's improper noticing of disputed facts? What are the disputed facts that the district court relied upon improperly in its order in your view? The district court's analysis stated that Mr. Parker had failed to connect the allegedly discriminatory action and his inclusion in the class, and I think it's clear from the analysis of the district court that it judicially noticed the entire EEOC record and took his safety record as a legitimate reason for his non-selection, but Mr. Parker refutes the legitimacy of those safety concerns, which creates, because he refutes the facts within the EEOC record under the judicial notice doctrine in this court, the only thing that is proper for this court to notice is the existence of those EEOC records and not the truth of the matters within them. So you've talked about paragraph 71 of the complaint. Why would paragraph 71 satisfy Twombly and Iqbal? It says almost all panelists emphasize the safety concerns related to plaintiff's disability. That's pretty conclusory. And then it says alleging that his crew did not feel safe riding plaintiff's boat. Wouldn't there have to be more in there to satisfy Twombly and Iqbal? Just the bare statement that crew members didn't feel safe riding in his boat by itself doesn't seem to me to have anything to do with disability. The operative word, I think, of that allegation, Your Honor, is emphasized, and Mr. Parker was in the interview itself, and so that's a factual allegation he is making that the panelists had, and he says they emphasized safety concerns. He's saying that they said things in the interview which reasonably implicated his disability, and he thought that they were, he concluded and alleged that because they emphasized safety concerns that there were comments made during the interview that reasonably implicate his diabetes diagnosis. But for the second part of that, that his crew didn't feel safe riding in his boat, there's nothing about that that ties to disability or age, right? That if the, well, it may not be directly related to age or disability, that second portion of the allegation in paragraph 71. However, again, I would just emphasize that emphasized is an active verb, and Mr. Parker's making a factual allegation in the entirety of paragraph 71. The panel has no further questions. I'll conclude with this. Mr. Parker pleads that his interviewers knew he was well qualified for the position. He previously held the same exact job with a fully successful rating for an entire calendar year. They knew he resigned because of a medical diagnosis, and he alleged they made comments reasonably implicating his age or medical condition during the interview. Despite his decades of experience and superior qualifications in comparison to other applicants, less experienced, non-disabled, and younger candidates were selected for the position over him. Under Shepard and Swierkiewicz, and consistent with the broad remedial purposes of Title VII and the ADEA, that is all he is required to do under Rule 882. Therefore, this court should reverse. Thank you very much. Thank you, counsel. So just for clarification, you're going to not stand up now and save it for rebuttal after government counsel. OK, great. Then we'll go for five and a half for rebuttal. You saved 30 seconds. All right. Ms. Schweiner, you may proceed. Can you hear us OK? I can. You may proceed. Thank you, Your Honors, and may it please the court. My name is Diane Schweiner. I represent the Department of the Navy in this case. And I think that the issues properly before the court are literally just two simple issues. And that is whether Mr. Parker has properly pled his complaint for a regarded as disability claim, and whether he's properly pled his complaint for an age discrimination claim under the ADEA. Based on the conclusory and non-factual statements that he made in his complaint, I submit that he has not met that pleading standard. There's been a lot of talk in appellants briefs about the pleading standard accusations that the district court applied the wrong standard and included a motion for summary judgment standard or the McDonnell Douglas burden shifting standard. I don't believe that's true in all of the briefing by the government, both in the motion to dismiss at the lower court and in the answering brief by the previous AOSA on this case. The pleading, the Iqbal and the Rule 8 pleading standards were the ones that were argued and used. In the district court's order, yes, the judge did mention some of the McDonnell Douglas burden shifting framework when she was describing cases that were describing the elements of the causes of action. So, counsel, I'm looking, for example, at ER 12, where the district court said, accordingly, this court presumes that the alleged age difference between plaintiff and Mr. Gunis, who is ultimately selected for the position, is insubstantial. How can how can the district court do that on a motion to dismiss where the allegation is there more than seven years younger and I wasn't selected in part because of my age? How can it how can the district court on a Rule 12 motion find that the age differential was insubstantial? The reason I believe the court was allowed to do that, Judge Bennett, is because she was relying on the France case, which is also a case relied upon by appellant in this case. And the France case made it clear that there needs to be a 10 year difference or more for the age difference to be considered substantial under the ADA. The France case itself even said, quote, were the eight year difference all the evidence before us, it would not be sufficient to satisfy the fourth prong. So so so does that mean that someone who sues for age discrimination has to know definitively what the age is of the person who is selected? I think they have to allege more than actual conclusions here. What if they what if they don't know the person's age? What if they say at least seven? But they don't know what the person's date of birth is. They know they believe they're substantially younger. They're at least seven years younger, but they don't know what their date of birth is. So do they automatically lose on 12? Because they haven't found out the person's date of birth. So they couldn't allege that they were more than 10 years younger. I think that they would have to allege sufficient facts to suggest that it meets the elements of the ADA. Here, the problem with the appellant's complaint is that he specifically says that they were. He mentions the word seven years. They were at least seven years younger, at least. It could be more. That's true. But the problem is and then we get into the extrinsic evidence argument. You know, there was some evidence that, you know, possibly he wasn't they weren't more than seven years older. So or younger, excuse me. So the problem is, you know, he put that's the only fact he alleged in his age discrimination complaint was the seven year difference. And the judge relied on the fact that case law says it needs to be 10 or more. She gave him leave to amend where he could have corrected that. He could have said something different in an amended complaint, but he waived his right to amend his complaint and to clarify that. So now this court is is simply left with his original complaint that he didn't amend. So I do think that the judge in the district court was relying on the France case and which itself says that even an eight year difference isn't enough. Hold on. It doesn't say it's insufficient to make a prima facie case. That doesn't mean it's as a matter of law. Correct. Well, while the France case was deciding a motion for summary judgment, was discussing that standard when it made that comment about the eight year difference. It just simply said it would not be sufficient to satisfy the fourth prong. It's not clear whether the court was at that point discussing that in the in the context of a motion for summary judgment or whether it would also satisfy. I think. But the full set. But the full sentences were the eight year age difference. All the evidence before us. And this is a motion to dismiss. I mean, it seems to me it's very dangerous to draw lines from a summary judgment case when we're dealing with a motion to dismiss. I mean, am I reading France incorrectly? No, you are reading it correctly. Yes, I think that, you know, the court, the district court just thought that wasn't enough to simply have one conclusory statement in the complaint that these people were at least seven years younger. So if I could, I'd like to go back to the regarded as disability claim, because that one plaintiff, you know, as the court mentioned earlier, I think the plaintiff just mentioned a series of conclusory statements in relation to his regarded as theory. None of them actually relate to his diabetes. There's no facts suggesting that anybody on the interview panel or the selecting official actually knew of his diabetes, actually made any comments in the interview or afterwards about his diabetes. Well, let's take a look at what your friends on the other side said with regard to the first part of paragraph 71 of the complaint. Almost all panelists emphasize the safety concerns related to plaintiff disability. Are you saying that the 12B standard required the complaint to quote what they said and that it wouldn't be enough to say the panelists emphasized safety concerns related to the disability? Why isn't this a short plain statement of the facts? Because the plaintiff and his, or excuse me, the appellant and his complaint listed all kinds of facts about safety concerns, all the things that these individuals said in their EEO affidavits after the interview. None of the statements that he attributes to these individuals actually had anything to do with his disability or diabetes. They all had to do with safety concerns or him getting, wrecking his car, things like that. So it's a conclusory statement for the plaintiff to just simply add the words in paragraph 71 of his complaint related to P's disability. It's actually controverted by the extrinsic evidence that the judge properly admitted on the motion to dismiss and that was never objected to by the plaintiff. But if, okay, so it's controverted. Why is that relevant, even if it were summary judgment? I mean, he would have had to say on summary judgment exactly what it was that was said, but why does he have to do that in a complaint? Even if this is inconsistent with some other evidence, how does that help you? When I say controverted, I don't mean that there's an actual dispute, Your Honor. I mean that there's nothing that the plaintiff has been able to point to at all to suggest that any of these interview panelists or the selecting official ever said anything about his disability. He only mentioned safety concerns, and then he, in paragraph 71, adds this conclusory statement related to P's disability. I take that as his opinion that those statements that he has mentioned at length in the complaint or in the EEO phase were related to his disability, but none of them actually had anything to do with diabetes or his condition. They were all related to safety concerns. So I just think that's insufficient for the Twombly and the Iqbal standard. And let me just talk about that standard for a minute because counsel made a lot of comments in their briefing about the Schwerkowitz case. And this is a very problematic case that I believe has questionable validity, has been overruled by a lot of other parts of it, by other circuits and other – Well, hold on. This is a Supreme Court case. Is there a Supreme Court case that overrules it? Because if not, then – No, there isn't. So –  But I do – what I wanted to say, though, was that when it is discussed by later Supreme Court cases, the Supreme Court has never once actually said that Twombly and Iqbal, which, by the way, came after the Schwerkowitz case, that they somehow don't apply to employment discrimination cases. You said a moment ago that you thought lots of parts of that case had been overruled. What parts of Schwerkowitz have been overruled by other Supreme Court cases? They're not by the Supreme Court, Your Honor. They're by other district court cases and other circuits have questioned the validity and – Can't be overruled by circuit cases. I understand. I should say – The Supreme Court has on occasion taken a dim view of our court saying that something they've done has been overruled.  When they haven't said it. Right. I guess what my point is is that the Supreme Court has actually as recently as September of 2024 – one second here. I think if your point is that since this case the Supreme Court has provided further guidance on how we read complaints, I think that's fair. You can say we can't read this case purely for this case. You have to read it through the lens of Twombly and Iqbal. Okay, fair. If that's your point, then I'm with you on that one. Yes. Okay. I was looking for the case – it's actually the Ninth Circuit as recently as September of 2024 has addressed this issue in the Khorasani v. Mayorkas case. You know, where they're trying to square the Swerkowitz case with Twombly and Iqbal, which again came later. And all of the cases that address this, they don't – there's never been a time when the Supreme Court has said that the Twombly and the Iqbal standards go away. So I think the best that we can do with this pleading standard is, you know, the plaintiff in a complaint still has to meet the Rule 8 requirements, still has to satisfy Twombly and Iqbal. And here, I just don't think the plaintiff has done that. And just the fact that it's an employment discrimination case and the plaintiffs have raised this, you know, 20-something-year-old Supreme Court case, I don't think changes that fact. He literally mentions one fact with regard to his age and then the conclusions that he mentions with regard to his regarded-as claim are just conclusory. He just says that he was proving a disability by the selecting official. Based on the flawed and unlawful perception of disability, he was denied the position. They perceived him as having diabetes. These are just conclusory statements, and I believe that Iqbal and Twombly and Rule 8 require plausibility and not just a mere possibility that he has alleged a claim. It has to be plausible that these individuals didn't hire him because of his disability, because of his age. And I don't think he has sufficiently pled that. I wanted to also address the new argument that was raised by counsel in their briefing trying to allege a record of disability claim. I believe that claim has been waived. There's never been a time when plaintiff exhausted his administrative remedies trying to argue a record of disability under the Rehabilitation Act. He didn't put it in his complaint. He didn't put it in his initial opening brief. So in addition to that, I don't think that the elements and sufficient pleading standards have been satisfied for a record of disability. And then lastly, I don't think that even though plaintiff is requesting leave to amend, I believe he has waived that right as well. The judge at the district court level granted him leave to amend his complaint. He chose not to do that. He jumped to the Ninth Circuit. And then at that point has never given an explanation to this court as to why he chose not to amend. If he had done that, we might have a better record here if this were up on appeal from an amended complaint. But unfortunately, we are left with the one complaint that he did do. So I think that if the court were to somehow address the leave to amend issue, it should be denied because he waived that right. And unless the court has any other questions, I will I will submit. All right. Thank you, counsel. Thank you. Your honors, in response to the questions regarding a go ahead and state your appearance first. New Vermont on behalf of the appellant, James Parker.  Good morning. Your honors, in response to the questions regarding age difference being substantial or not, France says that if there is a 10 year difference in age, there is a presumption of substantiality at the summary judgment stage. Not 12B6. Evidence is not needed at the 12B6. We haven't gone through discovery. That's ultimately what discovery is for. As it relates to the plausibility of pleading standards under Iqbal, Shepard was a post Iqbal case as well as it was a post Iqbal and post Twombly case where the plausibility standard was met. As the Supreme Court said in Iqbal, determining whether a complaint states a plausible claim is context specific. In Iqbal, the plaintiff was alleging conspiracy and intent to commit civil rights violations. That's not what we have here. What we have here is a run of the mill employment discrimination case. In paragraph eight, Mr. Parker says that he was 57, which means that he was part of the class for the ADEA claim. In paragraph nine, Mr. Parker says that he was diagnosed with diabetes in 2018. In paragraph 18, Mr. Parker says that he received a fully successful rating when he previously held his position in 2019. In paragraphs 22 to 25, Mr. Parker notes his qualifications. That includes decades of experience on the Columbia River, which is central to this specific role and this mission for this job. In paragraph 16, Mr. Parker notes that he was not rehired. In paragraphs 28 to 46, he notes that he was in place of him being rehired. It was people who were neither not disabled nor, excuse me, at least seven years younger than him. In paragraphs 15 and paragraph 70, he says that but for his age and disability, he would have been rehired. As it relates to him being perceived as disabled, whether or not he was perceived as disabled, that's a question of fact that would preclude some judgment, let alone a motion to dismiss. It's a plausibility standard, not a probability standard. Based off the allegations in the complaint, it is entirely plausible that the hiring officials perceived Mr. Parker as disabled. And in paragraph 14, he said that the selecting official, Stephen Russell, perceived him as disabled. In paragraph 71, he says that almost all the panelists emphasize safety concerns specifically related to his disability. In paragraph 75, he says one of the interview panelists during the interview, Daniel Guy, questioned his ability to concentrate. And those type of accusations of unfitness are really what the ADEA and Rehab Act were attempting to prevent. In paragraphs, excuse me, in paragraph 73 to 74, Mr. Parker notes that the selecting official, Stephen Russell, as one of the interview panelists, Daniel Guy, recalled 15 months after Mr. Parker initially resigned, that he resigned on account of his diabetes because there were some physical limitations. He wasn't able to renew his license. As it pertains to leave to amend, under Shepard and Sorkowitz, this is a plausible claim of age and disability discrimination. So Mr. Parker had a reasonable grounds to believe his complaint was sufficient. This is also not a case of repeated amendments or dilatory tactics. It's a first real opportunity to cure the complaint if you should find that there are some deficiencies with appellate guidance. Amendments also would not materially prejudice the defense. Discovery hasn't begun. There won't be any new parties or claims to the complaint. There's no effect also on trial preparation or deadlines. Federal Rules Civil Procedure 15A2 says that the court should freely give leave when justice so requires. The Supreme Court in Fulming v. Davis follows the same spirit where unless amendment would be futile, it should be granted ultimately. But that's if you find that there are any deficiencies with the complaint. So just to conclude, Your Honors, Mr. Parker, under Shepard and Sorkowitz, has stated a plausible claim for age and disability discrimination. He's actually taken it a step further where he says, in comparison to Shepard, he says the age and disability were the reason. But for his age and disability, he would have been rehired. And Shepard, the plaintiff, Catherine Shepard, she merely says that age was a determining factor, not the determining factor. Mr. Parker is more direct, and he makes that causal connection that the age and disability were plausible reasons for why he was not ultimately rehired. So what you're asking us to do then is you think the complaint as it stands is enough to survive a 12B6. So you're not asking for leave to amend, correct? You think you guys just win, we send it back, and then if it does get sent back, let's say we agree with you on that. At that point in the district court, if counsel, whoever that is, wants to seek leave to amend, they could always do so at that time. If they wanted to add allegations before the district court, I assume they could do that if we were to remand it back to the district court. Yes, Your Honor, he's not going to – he felt that under Shepard and Sorkowitz – He's good to go? He had done enough, yes. And he had done enough based off those precedents, so he had reasonable grounds to believe that that was sufficient. And then the Supreme Court in Sorkowitz said that it seems incongruous to require a plaintiff in order to survive a motion to dismiss to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is available. To simplify that, we haven't gone through discovery yet. That also goes to Your Honor's point about the age being substantial or not. Mr. Parker says it was at least seven years younger. He doesn't have the specific dates and such and so forth, but that is something that would be elucidated through discovery. Thank you, Your Honors. All right, thank you, counsel. Thank you to all the counsel for their briefing and argument in this case. And again, I really want to thank UC Irvine and the students there for stepping up. Ms. Davis, thank you for stepping up. It really helps to have the clinics and the lawyers step up in these types of cases, so we really want to thank you. Yes. All right, this matter is submitted. We'll call the next case.
judges: OWENS, BENNETT, THOMAS